IN THE UNITED STATES DISSTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee, <br><br> Plaintiffs, <br><br> v. <br><br> MICHIGAN DRUM RENOVATING COMPANY, a Michigan corporation, and THOMAS A. CHRISTOPHER, an individual, <br><br> Defendants. | Case No. 06 C 6120 <br> Judge Hart <br> Magistrate Judge Ashman |

## PLAINTIFFS' MOTION FOR JUDGMENT AGAINST DAVID ROSENBERG

**NOW COME** the Plaintiffs and request that a judgment be entered against David Rosenberg for $7,500.00. In support of said motion, Plaintiffs state as follows:

1. Plaintiffs obtained a $287,790.53 judgment in this case on March 21, 2007, which is entirely uncollectible from Michigan Drum Renovating Company ("Michigan Drum") because it ceased operations and its remaining asset consisting of cash in the amount of $90,000 was distributed to its two shareholders. (Attached as Exhibit A is a copy of the Judgment Order against Michigan Drum). The current outstanding balance on the Judgment is $302,182.95. Through this motion, the Plaintiffs seek a judgment against David Rosenberg resulting from his receipt of Michigan Drum assets prior to the satisfaction of all debts owed by Michigan Drum to its creditors.

2. Edwin Rosenberg owned 33% of the outstanding shares of the Defendant. David Rosenberg is Edwin's nephew and a devisee under Edwin's Last Will and Testament and a First Codicil to the Will dated June 9, 1997 (collectively, the "Will").

F:236343 / 06410004 / 11/9/07

Edwin passed away on June 3, 2004. On June 11, 2004, Estate Number 293 88 was opened in the Probate Court for Oakland County, Michigan for the orderly administration of Edwin's Will (the "Estate").

3. In or about October 2003, Michigan Drum ceased operations. Prior to or at the time of its dissolution in July 2004, Michigan Drum had cash assets in the amount of $93,843.00. Michigan Drum's 66% majority shareholder, Thomas Christopher, caused Michigan Drum to distribute $60,000 of the $93,843.00 to himself, and the remaining $30,000 was distributed to the Estate. No provision was made for the payment of Michigan Drum's withdrawal liability obligation to the Plaintiffs.

4. Of the $30,000 the Estate received from Michigan Drum, $7,500.00 was distributed to David Rosenberg, a devisee of the Estate.

5. The Plaintiffs' claim against Mr. Rosenberg is based upon the decision in *Matos v. Nellis, Inc.,* 101 F.3d 1193 (7th Cir. 1996). In *Matos*, a creditor obtained a judgment against a corporation that had no assets. One of the reasons the corporation had no assets was the corporation's forgiveness of a loan it made to the insider. The Court held that a supplemental judgment could be entered against the insider in the suit filed against the corporation because the insider and the corporation became the same after operations ceased and the insider converted corporate assets for his personal use.

6. A shareholder may not treat corporate assets as his own prior to completion of the winding up process and shareholders are entitled to the residue of corporate funds only after providing for the rights of corporate creditors and the legal claims of third persons. *Central States, Se. & Sw. Areas Pension Fund v. La Casse*, 254 F.Supp.2d 1069, 1072 (N.D. Ill. 2003).

7. Shareholders can only receive residual assets after all creditors have been paid. As such, Michigan Drum's remaining asset in the form of cash totaling $30,000.00 which was distributed first to the Estate, and then the subsequent transfer of $7,500.00 to David Rosenberg, constitute improper distributions prior to the Plaintiffs' obtaining satisfaction of their judgment.

8. A creditor may enforce its claim to a judgment debtor's property that is in the possession or control of a third party. *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 358 (6th Cir. 2002).

9. A court may order a third party to turn over to a judgment creditor the assets of the judgment debtor the judgment creditor has discovered in the possession of the third party in order to satisfy the creditor's judgment. *Condaire, Inc.*, 286 F.3d at 353; *Kennedy v. Four Boys Labor Service, Inc.*, 279 Ill.App.3d 361, 366 (2nd Dist. 1996).

10. Here, Michigan Drum is defunct and Edwin Rosenberg was deceased at the time the $30,000 was distributed to the Estate. The $7,500.00 distributed to David Rosenberg remained an asset of Michigan Drum, and thus, it constitutes an asset of Michigan Drum which is available for the satisfaction of debts owed by Michigan Drum to its creditors, including the Plaintiffs' judgment. By receiving the distribution, David Rosenberg replaces Michigan Drum for all practical purposes, including ascertaining federal jurisdiction, and is therefore liable for its debts, to the extent of the distributions he received, $7,500.00. *Matos v. Nellis*, 101 F.3d at 1195.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. A judgment in the amount of $7,500.00 against David Rosenberg, the sum of the improper distribution he received.

b.  That the Court order that prejudgment interest on $7,500.00 of the improper distributions received by David Rosenberg accrue at a floating rate equal to the Chase Manhattan Bank (New York, New York) prime rate plus 2% adjusted monthly and compounded annually for the period from and after March 23, 2005, the date the $7,500.00 was distributed to David Rosenberg, through and including the date, if any, upon which Plaintiffs' Motion is granted.

c.  That the Court order that interest accrue on the judgment at a floating rate equal to the Chase Manhattan Bank (New York, New York) prime rate plus 2% adjusted monthly and compounded annually.

Respectfully submitted,

/s/ Cathy L. Rath
Cathy L. Rath (ARDC#6275744)
Attorney for Central States, Southeast
and Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, IL 60018-4938
November 9, 2007                    (847) 518-9800, ext. 2343

## **CERTIFICATE OF SERVICE**

I, Cathy L. Rath, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on November 9, 2007, I caused the foregoing Motion for Judgment Against David Rosenberg to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. For all other parties, who are listed below, I served the foregoing Motion by mailing said documents to:

David Rosenberg
4332 North Ashland, #2
Chicago, IL 60613

Said Motion for Judgment Against David Rosenberg was sent via UPS Overnight Delivery, Tracking No. 1Z 395 1X9 22 1011 7833 from 9377 West Higgins Road, Rosemont, Illinois, 60018-4938, this 9th day of November, 2007.

/s/ Cathy L. Rath
Cathy L. Rath
One of Central States' Attorneys